[Cite as *Nicoll v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-5207.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

KIMBERLY J. NICOLL                          :

    Plaintiff-Appellant               :            C.A. CASE NO.    24509

v.                                          :            T.C. NO.    10CV8834

OHIO DEPARTMENT OF JOB & FAMILY    :            (Civil appeal from
SERVICES, et al.                                        Common Pleas Court)

    Defendant-Appellee                :

                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___7th___ day of ___October___, 2011.

. . . . . . . . . .

THOMAS J. MANNING, Atty. Reg. No. 0059759, P. O. Box 751484, Dayton, Ohio 45475
    Attorney for Plaintiff-Appellant

ROBIN A. JARVIS, Atty. Reg. No. 0069752, Assistant Attorney General, 1600 Carew
Tower, 441 Vine Street, Cincinnati, Ohio 45202
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the Notice of Appeal of Kimberly J. Nicoll, filed March 1, 2011.  The facts herein are not in dispute, and the issues for review are procedural in nature.

{¶ 2} On November 8, 2010, in the court of common pleas, Nicoll filed a "Notice of Appeal Pursuant to O.R.C. 4141.282," in which she appealed the Ohio Unemployment Review Commission's ("Commission") "Decision Disallowing Request for Review" ("Decision"). The Commission had previously determined, in September, 2010, that Nicoll was discharged from her employment with just cause. The Decision denying her request for review provided, in a section entitled "Appeal Rights," that "[a]n appeal from this [D]ecision may be filed to the Court of Common Pleas of the county where the appellant, if an employee, is [a] resident or was last employed, * * * within thirty (30) days from the date of mailing of this [D]ecision, as set forth in Section 4141.282(A)(B)(B) (sic), Revised Code of Ohio." The Decision provided that it was mailed on October 6, 2010.

{¶ 3} The succeeding paragraph stated, "If your appeal is filed more than thirty (30) days from the date of mailing, then you may ask the Court of Common Pleas to determine the timeliness of your appeal. The court may find the appeal to be timely if you did not receive this [D]ecision within thirty (30) days after it was mailed to you. * * * ." On November 16, 2010, the Director of the Ohio Department of Job and Family Services ("Director"), filed a motion to dismiss for failure to timely appeal.

{¶ 4} Nicoll opposed the motion to dismiss. In her memorandum in support, she conceded that the Decision was mailed on October 6, 2010, and she asserted that the 30 day period within which she must file her notice of appeal began to run on October 7, 2010, and that 30 days from that date is Saturday, November 6, 2010. Nicoll asserted, in reliance upon Civ.R. 6(A), and R.C. 4141.281(D)(9), that her notice of appeal was then due on Monday, November 8, 2010, and that it was timely filed.

{¶ 5}  The Director filed a reply in which he argued that "the time begins to run from the time the board mails the decision and not the day after under Civ.R. 6(A)." Further, the director asserted, the Civil Rules of Procedure "do not apply to special statutes such as the Ohio Unemployment Compensation Act," in reliance upon Civ.R. 1(C)(7). According to the Director, even if the Civil Rules did apply, Civ.R. 82[1] "disallows the Ohio Civil Rules to be used to extend the jurisdiction of the court."  The Director asserted that the trial court lacked jurisdiction to decide the appeal.

{¶ 6}  On February 2, 2011, the trial court sustained the Director's motion to dismiss.  According to the trial court, "Under the plain language of the statute, thirty days from October 6, 2010 is Friday November 5, 2010. * * * Plaintiff filed her appeal on November 8, 2010, three days late."  In a footnote, the trial court observed, "The Ohio Rules of Civil Procedure do not apply to cases concerning the Ohio Unemployment Compensation Act.  Civ.R. 1(C)(7).  More importantly, Civ.R. 6 and R.C. Section 4141.282 provide the identical method for computing the period of time prescribed for Plaintiff's filing her appeal: '* * * the date of the act * * * from which the designated period of time begins to run shall not be included.'  The date of the act in this case was October 6, 2010.  Thus, the first day of the appeal period under Civ.R. 6(A) and R.C. Section 4141.282 was October 7, 2010 and the thirtieth day was therefore Friday November 5, 2010."

{¶ 7}  Nicoll asserts two assignments of error.  Her first assignment of error is as follows:

---

[1]Civ.R. 82 provides: "These rules shall not be construed to extend or limit the jurisdiction of the courts of this state."

{¶ 8} "THE TRIAL COURT ERRED WHEN IT SUSTAINED APPELLEE'S MOTION TO DISMISS, WHEN THE APPEAL WAS TIMELY FILED."

{¶ 9} "An appellate court reviews a trial court's granting of a motion to dismiss pursuant to Civ.R. 12(B)(1) de novo." *Fowler v. Summa Health Systems*, Summit App. No. Civ.A 22091, 2004-Ohio-6740,¶ 6.

{¶ 10} R.C. 4141.282 (A) provides: "Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas."

{¶ 11} "It is elementary that an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. * * * Compliance with a requirement that a notice of appeal be filed within the time specified, in order to invoke jurisdiction, is no more essential than that the notice be filed at the place designated and that it be such in content as the statue requires." *Zier v. Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123. The timely filling of a notice of appeal is the only act necessary to vest jurisdiction in the court of common pleas. R.C. 4141.282(C).

{¶ 12} R.C. 4141.282(I) provides, "If an appeal is filed after the thirty-day period, the court of common pleas *shall* conduct a hearing to determine whether the appeal was timely filed under division (D)(9) of section 4141.281 of the Revised Code. At the hearing, additional evidence may be introduced and oral arguments may be presented regarding the timeliness of the filing of the appeal.

{¶ 13} "If the common pleas court determines that the appeal was filed within the

time allowed, the court shall after that make its decision on the merits of the appeal. * * * ." (emphasis added).

{¶ 14} R.C. 4141.281(D)(9) provides: "The time for filing * * * a court appeal under section 4141.282 of the Revised Code shall be extended in the manner described in the following * * * sentences. When the last day of an appeal period is a Saturday, Sunday, or legal holiday, the appeal period is extended to the next work day after the Saturday, Sunday, or legal holiday. * * * When an interested party provides evidence, which evidence may consist of testimony from the interested party, that is sufficient to establish that the party did not actually receive a decision within the thirty-day appeal period provided in section 4141.282 of the Revised Code, and a court of common pleas finds that the interested party did not actually receive the decision within that thirty-day appeal period, then the appeal period is extended to thirty days after the interested party receives the decision."

{¶ 15} The Decision provides that it was mailed on October 6, 2010, a fact conceded by Nicoll. Civ.R. 6(A), upon which Nicoll relied in her memorandum opposing the Commission's motion to dismiss, provides, "In computing any period of time prescribed or allowed by these rules, * * * or by any applicable statute, the day of the act * * * from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."

{¶ 16} The trial court determined that, pursuant to Civ.R. 1(C)(7), the Civil Rules do not apply to the dispute herein, in reliance upon Civ.R. 1(C), which provides:

{¶ 17} "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings; provided, that where any special statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

{¶ 18} The final day of the period within which Nicoll was required to file her appeal was a Friday and not, as she asserts, a Saturday. As the trial court noted, Civ.R. 6(A), and R.C. 4141.281(D)(9), provide the identical method for computing the time period for appeal, and whether or not the Civil Rules apply to the Unemployment Compensation Act is a distinction without a difference herein.[2] We agree with the trial court that the thirty-day period in which to appeal began to run on October 7, 2010, such that Nicoll's notice of appeal was due Friday, November 5, 2010. Since it was filed on November 8, 2010, it was untimely. Nicoll's first assignment of error is overruled.

{¶ 19} Nicoll's second assignment of error is as follows:

{¶ 20} "THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING ON APPELLEE'S MOTION TO DISMISS, AS REQUIRED BY O.R.C. § 4141.282(I)."

{¶ 21} In her second assignment, Nicoll contends that the trial court erred when it

---

[2] We note that the Ohio Supreme Court has specifically determined that Civ.R. 6(E), which extends the period of time within which an act is required, after service of notice by mail, by three days, does not apply to "extend the thirty-day time limitation for filing a notice of appeal from the determination of the" Commission. *Fowler v. Summa Health Systems*, citing *Proctor v. Giles* (1980), 61 Ohio St.2d 211, 214 ("Since, under [*Zier*], the time limitation for the filing of a notice of appeal is jurisdictional, an extension of this limitation by the application of Civ.R. 6(E) * * * would serve to expand the jurisdiction of the Court of Common Pleas, in direct violation of Civ.R. 82.")

failed to hold a hearing regarding the Director's motion to dismiss. In support of her assertion, Nicoll relies on R.C. 4141.282(I), which states in pertinent part:

{¶ 22} "(I) FAILURE TO FILE APPEAL WITHIN THIRTY DAYS

{¶ 23} "If an appeal is filed after the thirty-day appeal period, the court of common pleas shall conduct a hearing to determine whether the appeal was timely filed under division (D)(9) of section 4141.281 of the Revised Code. At the hearing, additional evidence may be introduced and oral arguments may be presented regarding the timeliness of the filing of the appeal. ***"

{¶ 24} In her memorandum in opposition to the Director's motion to dismiss, Nicoll argued that she was entitled to a filing extension pursuant to R.C. 4141.281(D)(9), because the last day of the appeal period fell on Saturday, November 6, 2010, which was thirty days from October 7, 2010, the date upon which the appeal first began to run. As discussed in the first assignment, however, thirty days from October 7, 2010, actually fell on Friday, November 5, 2010. Accordingly, Nicoll's notice of appeal filed on the following Monday, November 8, 2010, was clearly out of time, and she was not entitled to an extension in which to file her appeal.

{¶ 25} Nicoll now argues that she is entitled to a hearing before the trial court pursuant to R.C. 4141.282(I), wherein she should be allowed to present additional evidence regarding the alleged timeliness of her appeal. Nicoll, however, failed to raise any other grounds before the trial court to support extending the time for appeal. We note that Nicoll never argued before the trial court that she did not receive timely notice of the Director's decision of October 6, 2010. In fact, in her memorandum in opposition to the motion to

dismiss, Nicoll did not dispute that the thirty-day time period began to run on October 7, 2010.

**{¶ 26}** Nicoll's failure to object or raise any additional issues before the trial court waives the opportunity for appellate review of any issue not preserved. *State v. Eversole*, 182 Ohio App.3d 290, 294, 2009-Ohio-2174. Accordingly, any new issues will not be considered for the first time on appeal. Id.; *State v. Self* (1990), 56 Ohio St.3d 73, 81; *State v. Awan* (1986), 22 Ohio St.3d 120. Upon a thorough review of the record, we find that Nicoll did not properly preserve any issues regarding additional grounds upon which the trial court could extend the time for filing an appeal pursuant to R.C. 4141.281(D)(9).

**{¶ 27}** Nicoll's second assignment of error is overruled.

**{¶ 28}** Both of Nicoll's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Thomas J. Manning
Robin A. Jarvis
Hon. Steven K. Dankof