[Cite as *Sirak v. Sirak*, 2011-Ohio-6150.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NORMAN L. SIRAK, | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Defendant-Appellant, | Hon. Sheila G. Farmer, J. |
| | Hon. Julie A. Edwards, J. |
| v. | |
| | Case No. 2011CA00123 |
| ELEANOR SIRAK ET. AL., | |
| | |
| Plaintiff-Appellees. | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Stark County Probate
                               Court, Case No. 210978


JUDGMENT:                      Dismissed


DATE OF JUDGMENT ENTRY:        November 28, 2011


APPEARANCES:


For Defendant-Appellant                For Plaintiff-Appellees


NORMAN L. SIRAK, PRO SE                NICHOLAS I. ANDERSEN
4035 Cinwood Street N.W.               Arenstein & Andersen Co. LPA
Massillon, Ohio 44646                  5131 Post Road, Suite 350
                                       Dublin, Ohio 43017

*Hoffman, P.J.*

{¶ 1}  Defendant-appellant Norman L. Sirak appeals the May 25, 2011 Pre-trial Order issued by the Stark County Probate Court.  Plaintiff-appellee is Eleanor Sirak.

STATEMENT OF THE CASE

{¶ 2}  Appellee filed an action seeking to have the trial court declare her will, dated January 26, 2011, valid pursuant to R.C. 2107.081, et seq.  Appellant, the son of Appellee, was named a defendant in that action.

{¶ 3}  Appellant filed an answer, counterclaim and cross-claim.

{¶ 4}  The trial court conducted a pretrial conference on May 25, 2011.  No recording was made of the pretrial.  However, both parties to this appeal represent in their briefs to this Court Appellant orally requested[1] the trial court require certain discovery be had regarding a medical examination of Appellee and other legal documents.  Appellant asserts the trial court orally denied his request and "… issued a Pre-Trial Order denying Defendant Norman Sirak authority to conduct an expert medical examination…and further denied Defendant Norman Sirak authority to conduct discovery…".  Appellant's Brief at p. 1.

{¶ 5}  It is from the May 25, 2011 Pre-Trial Order, Appellant prosecutes this appeal, assigning as error:

{¶ 6}  "I. R.C. § 2107.084(A) STIPULATES THAT A PROBATE COURT CAN DECLARE A WILL VALID *IF,* AFTER CONDUCTING A HEARING, IT FINDS THAT THE TESTATOR HAD THE REQUISITE TESTAMENTARY CAPACITY AND FREEDOM FROM UNDUE INFLUENCE.   DEFENDANT NORMAN SIRAK

---

[1] Appellant did not file a written request or motion for discovery.

CHALLENGED PLAINTIFF ELEANOR SIRAK'S TESTAMENTARY CAPACITY AND FREEDOM FROM UNDUE INFLUENCE. THE PROBATE COURT ERRED WHEN IT REFUSED TO GRANT DEFENDANT NORMAN SIRAK AUTHORITY TO CONDUCT THIS MEDICAL EXAMINATION BY AN EXPERT PHYSICIAN, EVEN THOUGH THIS REQUEST WAS MADE IN WRITING AND VERBALLY AT EVERY AVAILABLE OPPORTUNITY, INCLUDING A REQUEST DIRECTED TO JUDGE PARK IN PERSON DURING THE COURSE OF THE MAY 25, 2011 PRE-TRIAL HEARING.

{¶ 7} "II. R.C. § 2108.083 CONTAINS TWO COMMANDS. FIRST, IT STATES THAT A HEARING ON THE VALIDATION OF A WILL SHALL BE ADVERSARY IN NATURE. SECOND, IT STIPULATES THE FORMALITIES TO BE OVSERVED IN A WILL VALIDATION HEARING BY CITING R.C. § 2721.10, WHICH STATES THAT AN ISSUE OF FACT IS TO BE TRIED *IN THE SAME MANNER* AS ISSUES OF FACT ARE TRIED AND DETERMINED *IN OTHER CIVIL ACTIONS.* THE PROBATE COURT ERRED WHEN IT REFUSED TO GRANT DEFENDANT NORMAN SIRAK AUTHORITY TO ISSUE SUBPOENAS AND CONDUCT DISCOVERY SO THAT HE COULD LEGALLY PROVE THE AVERMENTS IN HIS ANSWER, CROSS-CLAIM AND THIRD PARTY COMPLAINT, EVEN THOUGH THIS REQUEST WAS MADE IN WRITING AT EVERY AVAILABE OPPORTUNITY, INCLUDING A WRITTEN SUBMISSION TO JUDGE PARK PERSONALLY JUST PRIOR TO THE PRE-TRIAL HEARING."

{¶ 8} We dismiss this appeal for want of a final appealable order. Appellant himself characterizes this appeal as "interlocutory". Appellant's Brief at p. 1. We have reviewed the entry being appealed, and find it is an interlocutory order.[2] Furthermore,

---

[2] A copy of the Pre-Trial Order is attached hereto and incorporated herein.

from our review of that order, we find it does not mention, let alone prohibit, Appellant from requesting or pursuing discovery.  It is fundamental a court speaks only through its journal.

{¶ 9}  Because we find the order being appealed does not constitute a final appealable order, we dismiss this appeal for want of jurisdiction.


By: Hoffman, P.J.

Farmer, and Edwards, JJ., concur.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NORMAN L. SIRAK, | : | |
| | : | |
|     Defendant-Appellant, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ELEANOR SIRAK ET AL., | : | |
| | : | |
|     Plaintiff-Appellees. | : | Case No. 2011CA00123 |

For the reason stated in our accompanying Opinion, this appeal is dismissed.

Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS