[Cite as *Dayton v. Rhodus*, 2012-Ohio-1776.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

CITY OF DAYTON                                    :

    Plaintiff-Appellee                       :        C.A. CASE NO. 24777

vs.                                               :        T.C. CASE NO. 10CV10002

RODNEY RHODUS                                     :        (Civil Appeal from
                                                             Common Pleas Court)

    Defendant-Appellant                      :

. . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2012.

. . . . . . . . .

Thomas M. Green, Atty. Reg. No. 0016361, 800 Performance Place, 109 N. Main Street, Dayton, OH 45402-1290
    Attorney for Plaintiff-Appellee

John J. Scaccia, Atty. Reg. No. 0022217, 536 West Central Ave, 2nd Floor, Springboro, OH 45066
    Attorney for Defendant-Appellant

. . . . . . . . .

FISCHER, J. (sitting by assignment):

{¶ 1} Police Officer Rodney Rhodus appeals the judgment of the Montgomery County Common Pleas Court, entered pursuant to R.C. 2506.04, affirming the decision of the Civil Service Board for the city of Dayton (the "Board") suspending Rhodus's employment for 30

days. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Rhodus served the city of Dayton (the "City") as an airport police officer at the Dayton International Airport. On February 11, 2010, Rhodus was assigned to the "dispatch" position, and part of Rhodus's duties in that position included monitoring door alarm systems at the airport terminal. Rhodus testified that in the early morning on February 11, he became aware of an abandoned bag in an unsecured area of the airport, meaning an area accessible to the public without going through airport security. Rhodus was not permitted to leave his post that morning, so he dispatched another officer to check the bag. While dealing with the unattended bag, Rhodus then became aware of an alarm that had been activated on a fire door in a secured area of the airport. Without leaving his post, Rhodus checked the door through a camera, and when he did not observe anything out of order, he cleared the alarm.

{¶ 3} Prior to February 11, an e-mail had circulated to all police officers, including Rhodus, which stated,

> ALARMS-PLEASE make sure we are sending an officer to check out the fire door alarms. Pay particular attention to the fact that a person (or TSA Agent) can open the door, go through, and close it immediately. On the camera, the door will be shut and everything will appear to be normal and secure. We cannot clear these types of alarms until we have sent an officer to check the other side of the door and/or ramp area. If there is any doubt in your mind, send an officer.

{¶ 4} Rhodus's superior conducted an investigation of Rhodus's actions on February 11

and concluded that a violation of police policy had occurred. Rhodus was charged with violating Civil Service Rule 13 governing incompetency, inefficiency, neglect of duty, or violation of a policy. The Board found that Rhodus had violated Rule 13 and imposed a 30-day suspension in accordance with the City's disciplinary procedure for a second violation. Rhodus appealed the Board's decision to the trial court pursuant to R.C. 2506.04, and the trial court affirmed the suspension. This appeal ensued.

{¶ 5} Rhodus's first assignment of error is as follows:

{¶ 6} "THE DECISION TO UPHOLD THE DISCIPLINE OF APPELLANT, RODNEY RHODUS, WAS UNREASONABLE IN LIGHT OF THE EVIDENCE AND CIRCUMSTANCES."

{¶ 7} Under R.C. 2506.04, this court must affirm the judgment of the trial court unless the trial court's judgment constitutes an abuse of discretion. *Orick v. City of Dayton*, 2d Dist. Montgomery No. 24259, 2011-Ohio-4193, ¶ 72. This does not include the ability to weigh the preponderance of substantial, reliable, and probative evidence, which is granted to the common pleas court. *Id.*, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).

{¶ 8} Rhodus argues that the police department's policy with regard to clearing door alarms allowed him to exercise some discretion in deciding whether to send an officer before clearing a fire door alarm, and that he acted reasonably in light of the unattended bag situation occurring simultaneously to the alarm, the amount of false alarms that had occurred, and the shortage of on-duty officers. The trial court considered Rhodus's arguments and determined that the Board's finding that police policy required sending an officer before clearing an alarm was reasonable and supported by the evidence. We cannot determine that the trial court's

decision was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Therefore, Rhodus's first assignment of error is overruled.

{¶ 9} Rhodus's second assignment of error states as follows:

{¶ 10} "APPELLANT, RODNEY RHODUS, WAS DENIED DUE PROCESS AND HIS RIGHT OF CONFRONTATION."

{¶ 11} Rhodus argues that his suspension was based upon inadmissible hearsay statements from federal Transportation Security Administration ("TSA") agents and TSA policies. Rhodus argues that he attempted, albeit unsuccessfully, to subpoena TSA members, and that because he was prevented from cross-examining TSA witnesses, the admission of TSA policies and actions caused him prejudice.

{¶ 12} Rhodus's argument refers to portions of the record indicating that a TSA officer intentionally activated the door alarm on February 11 as part of routine testing, and that the officer had a conversation with Rhodus as to why he cleared the alarm without sending an officer to check the door. The TSA officer then activated the alarm again, prompting Rhodus to send an officer to physically check the door before clearing the alarm. The record also indicates that the police department's policy regarding fire door alarms originated with TSA policies.

{¶ 13} Rhodus did not object to the admission of this evidence or otherwise raise this issue before the trial court. Therefore, Rhodus has waived this argument on appeal. *Nicoll v. Ohio Dept. of Job & Family Services*, 2d Dist. Montgomery No. 24509, 2011-Ohio-5207, ¶ 26. Moreover, although TSA's actions and policies provided context for the events surrounding Rhodus's disciplinary proceeding, TSA's involvement did not form the basis of the trial court's decision upholding Rhodus's suspension. Thus, Rhodus's second assignment of error is

overruled.

{¶ 14}   The judgment of the trial court is affirmed.

FROELICH, J., and HALL, J., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:
Thomas M. Green, Esq.
John J. Scaccia, Esq.
Hon. Mary Lynn Wiseman