[Cite as *Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GABRIEL N. DIKONG, | : | APPEAL NO. C-120057 |
| | | TRIAL NO. A-1105035 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| OHIO SUPPORTS, INC., | : | |
| | | |
| and | : | |
| | | |
| OHIO UNEMPLOYMENT REVIEW COMMISSION, | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  January 11, 2013

*Gabriel Dikong*, Pro Se,

*Cors & Bassett, LLC,* and *Robert C. Hassman*, for Defendant-Appellee Ohio Supports, Inc.

*Michael DeWine*, Attorney General of Ohio, and *Robin A. Jarvis*, Assistant Attorney General, for Defendant-Appellee Ohio Unemployment Compensation Review Commission.

Please note:  this case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN**, Presiding Judge.

{¶1} Appellant Gabriel N. Dikong appeals pro se the trial court's judgment dismissing his R.C. 4141.282 appeal from a decision of the Unemployment Compensation Review Commission and overruling his motion for leave to amend his notice of appeal. Because Dikong failed to comply with R.C. 4141.282(D), which requires an appellant to name the director of the Ohio Department of Job and Family Services in his notice of appeal, we overrule the sole assignment of error, in which he challenges the trial court's determination that it lacked subject-matter jurisdiction over his appeal, and affirm the trial court's judgment.

### I. Dikong's Appeal to the Common Pleas Court

{¶2} In November 2010, Dikong filed a claim for unemployment compensation benefits with the Ohio Department of Job and Family Services. The Department of Job and Family Services initially allowed Dikong's claim, but subsequently denied it after an administrative hearing. Dikong appealed that determination, but the Department of Job and Family Services affirmed its previous decision. Dikong then appealed to the Ohio Unemployment Compensation Review Commission ("the Commission"). On June 13, 2011, the Commission dismissed Dikong's appeal, finding that he did not have good cause for failing to appear at his hearing before the Commission.

{¶3} On June 29, 2011, Dikong appealed pro se the Commission's determination to the common pleas court. In his notice of appeal, Dikong named his employer, Ohio Supports, Inc., and the Unemployment Compensation Review Commission, but he did not name the director of the Ohio Department of Job and Family Services. The record reflects that the clerk served a copy of the complaint upon Ohio Supports, Inc., and the Unemployment Compensation Review

2

Commission on July 14, 2011, but it did not serve a copy upon the director of the Ohio Department of Job and Family Services.

{¶4}   On August 4, 2011, the Unemployment Compensation Review Commission filed a motion to dismiss Dikong's appeal for lack of subject-matter jurisdiction based upon his failure to name the director of the Ohio Department of Job and Family Services in the notice of appeal as required by R.C. 4141.282(D). Dikong's former employer, Ohio Supports, Inc., joined in the motion.   Shortly thereafter, Dikong hired counsel to represent him.

{¶5}   On November 4, 2011, while the motion to dismiss was pending before a magistrate, Dikong's attorney filed a motion to amend the notice of appeal pursuant to Civ.R. 15(C) to add the director of the Ohio Department of Job and Family Services as a party to the appeal.   In the motion, Dikong admitted that he had inadvertently failed to name the director of the Ohio Department of Job and Family Services, but he argued that the inadvertent failure to name the director of the Ohio Department of Job and Family Services did not warrant dismissal because the director was already "effectively being represented by the Office of the Ohio Attorney General."

{¶6}   Thereafter, the magistrate, relying upon R.C. 4141.282(A) and (D), granted the motion to dismiss.  The magistrate held that Dikong's failure to name the director of the Ohio Department of Job and Family Services as a party in the notice of appeal had divested the common pleas court of subject-matter jurisdiction over his appeal.  The magistrate further held that because the 30-day deadline for Dikong to file his notice of appeal had passed, Dikong was precluded from amending his notice of appeal to add the director as a party to the appeal.

3

{¶7}    Thereafter, the "Director of the Department of Job and Family Services, by and through counsel," filed a memorandum opposing Dikong's motion to amend.  Dikong then filed timely objections to the magistrate's decision.  "The Director of the Department of Job and Family Services, by and through counsel," then provided a reply to Dikong's objections to the magistrate's decision.  The trial court overruled Dikong's objections, and adopted the magistrate's decision dismissing his appeal.

### II. Trial Court's Jurisdiction in Unemployment-Compensation Cases

{¶8}    In a single assignment of error, Dikong argues that the trial court erred in dismissing his appeal for unemployment-compensation benefits for lack of subject-matter jurisdiction.

{¶9}    Subject-matter jurisdiction is the power conferred on a court to adjudicate a particular matter on its merits and to render an enforceable judgment in the action. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus.  Appellate review of a trial court's dismissal for lack of subject-matter jurisdiction is a question of law that appellate courts review de novo. *See Gary Phillips & Assocs. v. Ameritech Corp.*, 144 Ohio App.3d 149, 154, 759 N.E.2d 833 (4th Dist.2001).  The lack of subject-matter jurisdiction may be raised at any time and is not a waivable defense.  *See In re Claim of King*, 62 Ohio St.2d 87, 89, 403 N.E.2d 200 (1980); *see also Rosen v. Celebreeze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 45 quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11.

{¶10} The Ohio Supreme Court has held that where a right of appeal is conferred by a statute, the appeal can be perfected only in the mode prescribed by that statute, and that "the exercise of the right conferred is conditional upon

compliance with the accompanying mandatory requirements." *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949), paragraph one of the syllabus. R.C. 4141.282 sets forth the procedures by which a party whose claim for unemployment-compensation benefits is denied may appeal to the court of common pleas from a decision of the Unemployment Compensation Review Commission.

{¶11} R.C. 4141.282 provides, in pertinent part, as follows:

(A) THIRTY-DAY DEADLINE FOR APPEAL

Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas.

(B) WHERE TO FILE THE APPEAL

An appellant shall file the appeal with the court of common pleas of the county where the appellant, if an employee, is a resident or was last employed or, if an employer, is a resident or has a principal place of business in this state. If an appellant is not a resident of or last employed in a county in this state or does not have a principal place of business in this state, then an appellant shall file the appeal with the court of common pleas of Franklin county.

(C) PERFECTING THE APPEAL

The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court. The notice of appeal shall identify the decision appealed from.

(D) INTERESTED PARTIES

The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal.

(E) SERVICE OF THE NOTICE OF APPEAL

Upon filing the notice of appeal with the clerk of the court, the clerk shall serve a copy of the notice of appeal upon all appellees, including the director.

{¶12} Dikong, relying on R.C. 4141.282(C), argues that his failure to name the director of Job and Family Services in his notice of appeal is not a jurisdictional defect. The Unemployment Compensation Review Commission and Ohio Supports, Inc., argue that naming the director as a party in the notice of appeal is a jurisdictional requirement under R.C. 4141.282(D). They urge this court to follow the decision of the Eleventh Appellate District in *Sydenstricker v. Donato's Pizzeria*, 11th Dist. No. 2009-L-149, 2010-Ohio-2953, which held that a notice of appeal that failed to comply with R.C. 4141.282(D) was jurisdictionally defective.

{¶13} But *Sydenstricker* lacks any meaningful analysis of R.C. 4141.282(C), and makes no mention of a separate line of cases, which cite R.C. 4121.282(C) for the proposition that the timely filing of the notice of appeal is the only act required to perfect the appeal and vest jurisdiction in the common pleas court. *See, e.g.*, *Nicoll v. Ohio Dept. of Job and Family Servs.*, 2d Dist. No. 24509, 2011-Ohio-5207, ¶ 11; *Williams v. Lens Crafters, Inc.,* 6th Dist. No. L-10-1154, 2011-Ohio-972, ¶ 8; *Anderson v. Interface Electric, Inc.,* 10th Dist. No. 03AP-354, 2003-Ohio-7031, ¶ 16; Siegel and Stephen, *Ohio Employment Practices Law*, Section 17:5 (2012 Ed.).

6

{¶14} Similarly in *Luten v. State of Ohio Unemp. Comp. Rev. Comm.*, 8th Dist. No. 97966, 2012-Ohio-3963, ¶ 15, which was released during the pendency of this appeal, the Eighth Appellate District followed the Eleventh District's decision in *Sydenstricker* without any separate analysis of R.C. 4141.282(C). In that case, the Eighth District held that an appellant's failure to name his former employer in the notice of appeal did not satisfy R.C. 4141.282(D)'s requirement that "all interested parties" shall be named "as appellees" in the notice of appeal, thereby depriving the trial court of subject-matter jurisdiction over his appeal. *Id.* at ¶ 12.

{¶15} Both *Sydenstricker* and *Luten* rely upon Supreme Court case law, interpreting prior versions of the unemployment-compensation-appeal statute, to reach the conclusion that the naming of the director of the Ohio Department of Job and Family Services is a jurisdictional requirement. *See Sydenstricker* at ¶ 15; *Luten* at ¶ 13-16. While we ultimately agree with the holdings of the Eleventh Appellate District in *Sydenstricker* and the Eighth Appellate District in *Luten*—that the failure to name all interested parties in the notice of appeal, including the director of the Ohio Department of Job and Family Services, as required by R.C. 4141.282(D) deprives a common pleas court of subject-matter jurisdiction over an unemployment-compensation appeal—we reach our conclusion based upon an interpretation of the statutory language.

{¶16} The interpretation of a statute is a matter of law that is reviewed by an appellate court under a de novo standard. *See Cincinnati v. State*, 1st Dist. No. C-110680, 2012-Ohio-3162, ¶ 9. It is a well-settled rule of statutory interpretation that statutory provisions be construed together. *See Spencer v. Freight Handlers, Inc.*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 16. A court's primary duty when construing a statute is to give effect to the intention of the legislature enacting

it. *See Bank of America, N.A. v. Omega Design Build Group LLC.*, 1st Dist. No. C-100018, 2011-Ohio-6150, ¶ 26-27, quoting *Basic Distrib. Corp. v. Ohio Dept. of Taxation*, 94 Ohio St.3d 287, 291, 2002-Ohio-794, 762 N.E.2d 979.

{¶17} In determining legislative intent, "a court should consider the language used and the apparent purpose to be accomplished, and then such construction should be adopted, which permits the statute and its various parts to be construed as a whole and gives effect to the paramount objective to be attained." *Humphrys v. Winous Co.*, 165 Ohio St. 45, 49, 133 N.E.2d 780 (1956); *see also Cincinnati* at ¶ 9.

{¶18} "Where the language of a statute is plain and unambiguous and conveys a clear and definitive meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. "However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions, may invoke rules of statutory construction in order to arrive at its legislative intent." *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 96, 573 N.E.2d 77 (1991); *see also* R.C. 1.49 (aids in construction of ambiguous statutes).

{¶19} Consequently, the issue before this court is whether a timely, but defective notice of appeal, deprives a trial court of subject-matter jurisdiction over the appeal under the current version of the statute.

{¶20} R.C. 4141.282(C) provides that "[t]he timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court. The notice of appeal shall identify the decision appealed from." R.C. 4141.282(D) additionally requires the Unemployment Compensation Review

Commission to "provide on its final decision the names and addresses of all interested parties." It further provides that "[t]he appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal."

{¶21} Here, Dikong received on the final determination from the Unemployment Compensation Review Commission a notice telling him that he must name all interested parties, including the director of Job and Family Services, on the notice of appeal. But he did not name the director of the Department of Job and Family Services in his notice of appeal. Were this court to read R.C. 4121.282(C) to merely require that the notice of appeal be filed within 30 days to vest the common pleas court with subject-matter jurisdiction over the appeal, it would render R.C. 4141.282(D) meaningless. Taken to its logical extreme, a party could write "Notice of Appeal" at the top of a blank page, file it, and the common pleas court would have subject-matter jurisdiction over the appeal. Such a filing would in effect negate R.C. 4141.282(D), and would not comply with Supreme Court case law requiring a party taking an administrative appeal to strictly comply with the requirements in the statute providing for such an appeal. *See Luten*, 8th Dist. No. 97966, 2012-Ohio-3963, at ¶ 14.

{¶22} But by reading the requirements for the notice of appeal set forth in subdivision (D) of the statute in conjunction with the filing requirement in subdivision (C) of the statute, this court is able to give meaning to both subsections of the statute. *See Cincinnati*, 1st Dist. No. C-110680, 2012-Ohio-3162, at ¶ 16 (holding that a court must presume the legislature intended the entire statute to be effective); *see also* R.C. 1.47(B). Such a reading of the statute is not only consistent with Supreme Court case law, which requires appeals filed under special statutes to

9

strictly comply with the mandatory requirements in the statute, but it is also consistent with the legislative history of the unemployment-compensation-appeal statute.

{¶23} When R.C. 4141.282 was enacted in 2001, the legislature specifically deleted language that would have treated the timely filing of the notice of appeal as the only jurisdictional requirement. Former R.C. 4141.28(O)(1) provided, in pertinent part, that:

> * * * Such appeal shall be taken within such thirty days by the appellant filing a notice of appeal with the clerk of court of common pleas. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court. Failure of an appellant to take any step other than timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the court deems appropriate, which may include dismissal of the appeal. * * *

This last sentence was identical to the language found in App.R. 3(A).

{¶24} Thus, under former R.C. 4141.28(O)(1), any procedural defect in the notice of appeal was not jurisdictional, but was subject to such action as the trial court deemed appropriate, including dismissal. By deleting this language in former R.C. 4141.28(O)(1) and replacing it with the language appearing in R.C. 4141.282(D), requiring not only that "the appellant shall name all interested parties as appellees in the notice of appeal," but also adding language that "the director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal," the General Assembly manifested its intent that the naming of the director of the Ohio Department of Job and Family Services be a condition precedent to jurisdiction in the court of common pleas.

10

{¶25} Moreover, dismissing Dikong's appeal for lack of subject-matter jurisdiction does not lead to an unjust or unreasonable result. R.C. 1.47(C) provides that "in enacting a statute, it is presumed that * * * a just and reasonable result is intended." Here, the General Assembly, recognizing that a large number of pro se claimants may appeal the denial of unemployment-compensation benefits, emphasized the importance of naming all interested parties in the notice of appeal, including the director of the Ohio Department of Job and Family Services, by expressly requiring that the Unemployment Compensation Review Commission place on its final decision language indicating that all interested parties must be named in the notice of appeal, including the director of the Ohio Department of Job and Family Services. The final entry in Dikong's case contained this statutory language.

{¶26} Consequently, after considering all of the above, we conclude that the trial court did not err in dismissing Dikong's notice of appeal for lack of subject-matter jurisdiction. Because R.C. 4141.282(D) expressly provides that the director of the Ohio Department of Job and Family Services is always an interested party and must be named in the notice of appeal, any amendments to the notice of appeal lacking such language must be made within the 30-day time frame following the mailing of the final determination by the Unemployment Compensation Review Commission. *See Reuben McMillan Free Library Assn. v. Mahoning Cty. Budget Comm.*, 175 Ohio St. 191, 194, 192 N.E.2d 67 (1963) (where " * * * a statute provides that certain parties are necessary to an appeal, such parties must be joined before the time for filing the appeal has lapsed, otherwise such appeal must fail"), *overruled on other grounds, Brooklyn v. Cuyahoga Cty. Budget Comm.*, 2 Ohio St.2d 181, 207 N.E.2d 764 (1965); *see also CHS-Windsor v. Ohio Dept. of Job and Family Servs.*,

10th Dist. No. 05AP-909, 2006-Ohio-2446 (construing R.C. 119.12 and reaching a similar conclusion). *Compare Spencer*, 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, at syllabus (concluding that a party's failure to name the administrator of the Bureau of Workers' Compensation as a party and serve the administrator with the notice of appeal were not jurisdictional requirements because R.C. 4123.512(B) expressly identified five items to be listed in the notice of appeal and naming the director of the Bureau of Workers' Compensation was not included as one of those requirements).

{¶27} Here, Dikong's motion to amend his original notice of appeal to name the director of the Ohio Department of Job and Family Services was made four months after he had filed his notice of appeal. Because the motion was filed outside the 30-day period during which the notice of appeal had to be filed, the trial court correctly concluded that the amendment could not be made. *See Reuben McMillan Free Library Assn.*, 175 Ohio St. at 194, 192 N.E.2d 167; *see also Village of Hills & Dales v. Ohio Dept. of Edn.*, 10th Dist. No. 06AP-1249, 2007-Ohio-5156, ¶ 34-36 (French, J., dissenting). Because the notice of appeal filed by Dikong did not name the director of the Department of Job and Family Services as required under R.C. 4141.282(D), and the notice was not amended to name the director within the 30-day period during which an amended notice of appeal could have been filed, the trial court never acquired subject-matter jurisdiction over his appeal, and properly dismissed it. We, therefore, overrule Dikong's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM** and **DINKELACKER, JJ.** concur.

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.

12

Please note:

The court has recorded its own entry this date.

