[Cite as *Mattice v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-3941.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MANDI MATTICE                                  :

    Plaintiff-Appellant                        :              C.A. CASE NO.   25718

                                               :              T.C. NO.   12CV8804

OHIO DEPARTMENT OF JOB                         :              (Civil appeal from
& FAMILY SERVICES                                             Common Pleas Court)

    Defendant-Appellee                         :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th___ day of ___September___, 2013.

. . . . . . . . . .

MANDI MATTICE, 1526 Joselin Road, Dayton, Ohio 45432
    Plaintiff-Appellant

ALAN SCHWEPE, Atty. Reg. No. 0012676, Senior Assistant Attorney General, Health and Human Services Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Plaintiff-appellant Mandi Mattice appeals, pro se, a decision of the Montgomery County Court of Common Pleas, Civil Division, dismissing her R.C. 4141.282 appeal from a decision of the Ohio Unemployment Compensation Review Commission (hereinafter "Commission") finding that Mattice was discharged from her

employment with Jozabe Investments, Inc. for just cause resulting in her ineligibility for unemployment compensation benefits. Mattice filed a timely notice of appeal with this Court on April 17, 2013.

{¶ 2}  In June of 2012, Mattice applied for unemployment benefits with the Ohio Department of Job and Family Services (hereinafter "ODJFS"). The ODJFS allowed the application with a benefit year beginning November 14, 2010. On June 21, 2012, the ODJFS issued a redetermination which held that Mattice had been discharged from her employment by Jozabe without just cause. Jozabe filed an appeal from the redetermination on June 25, 2012. On June 26, 2012, the ODJFS transferred jurisdiction to the Commission.

{¶ 3}  On July 31, 2012, a telephonic hearing was held before an officer from the Commission. Both Mattice and Jozabe were present. Based on evidence presented at the hearing, the Commission issued a decision on August 15, 2012, finding that Mattice had been discharged for just cause which resulted in her being ineligible for unemployment benefits. Mattice filed a timely request for review of the hearing officer's decision, and on October 25, 2012, a second hearing was held before the Commission. In a decision issued on November 28, 2012, the Commission affirmed its earlier decision finding Mattice ineligible for unemployment benefits. The Commission's decision included a notice advising Mattice of her appeal right and a list of the interested parties to the proceedings. Her former employer, Jozabe, was listed as an interested party.

{¶ 4}  On December 18, 2012, Mattice filed her notice of administrative appeal with the trial court. The only interested parties named in the appeal were the ODJFS

and the Commission. The record establishes that Mattice failed to include Jozabe as an interested party on appeal to the trial court. On March 6, 2013, the ODJFS filed a motion to dismiss Mattice's appeal for lack of jurisdiction for failure to comply with R.C. 4141.282(D) requiring the notice of appeal to name all of the interested parties. The trial court sustained the ODJFS's motion in a decision issued on April 3, 2013, thereby dismissing Mattice's administrative appeal of the Commission's decision.

{¶ 5} It is from this decision that Mattice now appeals.

{¶ 6} Initially, we note that Mattice has failed to comply with App. R. 16(A)(3), which requires appellate briefs to set forth one or more assignments of error presented for review. However, since the trial court dismissed Mattice's administrative appeal for failure to comply with the filing requirements of R.C. 4141.282(D), we assume that her sole assignment is based on the trial court's alleged error in dismissing the appeal.

{¶ 7} "The issue of whether a trial court has subject-matter jurisdiction over a cause of action is generally a question of law that an appellate court reviews independently of the trial court's decision. * * * ." *Yu v. Zhang*, 175 Ohio App. 3d 83, 88, 2008-Ohio-400, 885 N.E.2d 278, 282 (2d Dist. 2008). As this Court has noted:

> Subject matter jurisdiction of a court "connotes the power to hear and decide a case upon its merits." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 11. "A court's subject matter jurisdiction is invoked by the filing of a complaint. Once a court of competent jurisdiction acquires jurisdiction over an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction may interfere with its proceedings." * * * . *Batteiger v.*

*Deutsch*, 2d Dist. Montgomery No. 021933, 2008-Ohio-1582, ¶ 50.

**{¶ 8}** The Ohio Supreme Court has held that where a right of appeal is conferred by a statute, the appeal can be perfected only in the mode prescribed by that statute, and that "the exercise of the right conferred is conditional upon compliance with the accompanying mandatory requirements." *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949), ¶ 1 of the syllabus. R.C. 4141.282 sets forth the procedures by which a party whose claim for unemployment-compensation benefits is denied may appeal to the court of common pleas from a decision of the Unemployment Compensation Review Commission.

**{¶ 9}** R.C. 4141.282 provides, in pertinent part, as follows:

(A) THIRTY-DAY DEADLINE FOR APPEAL

Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas.

(B) WHERE TO FILE THE APPEAL

An appellant shall file the appeal with the court of common pleas of the county where the appellant, if an employee, is a resident or was last employed or, if an employer, is a resident or has a principal place of business in this state. If an appellant is not a resident of or last employed in a county in this state or does not have a principal place of business in this state, then an appellant shall file the appeal with the court of common pleas of Franklin county.

(C) PERFECTING THE APPEAL

The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court. The notice of appeal shall identify the decision appealed from.

(D) INTERESTED PARTIES

The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal.

\*\*\*.

{¶ 10} Recently, the First District Court of Appeals held that a trial court lacked subject-matter jurisdiction over a claimant's appeal from a decision of the Unemployment Compensation Review Commission that dismissed his appeal from the denial of his claim by the Ohio Department of Job and Family Services (ODJFS), where the notice of appeal failed to name the director of ODJFS as an interested party as required by R.C. 4141.282(D), and the notice of appeal was not amended within the 30-day period within which an amended notice could have been filed. R.C. 4141.282(A), (C), and (D); Civ. Proc. Rule 15(C); *Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 985 N.E.2d 949 (1st Dist.).

{¶ 11} In reaching its conclusion, the First District cited two decisions issued by the Eleventh and the Eighth Districts, respectively, in which the courts held that the failure to name all interested parties in the notice of appeal, including the director of

the Ohio Department of Job and Family Services, as required by R.C. 4141.282(D), deprives a common pleas court of subject-matter jurisdiction over an unemployment-compensation appeal. *Sydenstricker v. Donato's Pizzeria*, 11th Dist. Lake No. 2009-L-149, 2010-Ohio-2953; *Luton v. State of Ohio Unemp. Comp. Rev. Comm.*, 8th Dist. Cuyahoga No. 97966, 2012-Ohio-3963. Similar to the issue we face in the instant appeal, the Eighth District in *Luton* specifically held that an appellant's failure to name his former employer in the notice of appeal did not satisfy R.C. 4141.282(D)'s requirement that "all interested parties" shall be named "as appellees" in the notice of appeal, thereby depriving the trial court of subject-matter jurisdiction over his appeal. *Id.* at ¶ 12. However, neither *Sydenstricker* nor *Luton* contain a separate analysis of R.C. 4141.282(C) in relation to section (D) of the same statute.

**{¶ 12}** In *Dikong*, the First District noted that R.C. 4141.282(C) provides that "[t]he timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court. The notice of appeal shall identify the decision appealed from." 2013-Ohio-33, 985 N.E.2d 949.[1] R.C. 4141.282(D) additionally requires the Unemployment Compensation Review Commission to "provide on its final decision the names and addresses of all interested parties." *Id.* It

---

[1] In *Dikong*, the First District cites to our decision in *Nicoll v. Ohio Dept. of Job and Family Servs.,* 2d Dist. Montgomery No. 24509, 2011-Ohio-5207, for the proposition that the timely filing of the notice of appeal is the *only* act required to perfect the appeal and vest jurisdiction in the trial court pursuant to R.C. 4141.282(C). In *Nicoll*, however, we did not have occasion to address the interplay between sections (C) and (D) of R.C. 4141.282 because the only issue before us was whether the notice of appeal had been timely filed. No issue existed in *Nicoll* regarding whether all of the interested parties had been properly named pursuant to R.C. 4141.282(D). Thus, *Nicoll* is clearly distinguishable from *Dikong* as well as the instant case.

further provides that "[t]he appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal." *Id.*

{¶ 13} The First District further noted that:

*** Dikong received on the final determination from the Unemployment Compensation Review Commission a notice telling him that he must name all interested parties, including the director of Job and Family Services, on the notice of appeal. But he did not name the director of the Department of Job and Family Services in his notice of appeal. Were this court to read R.C. 4141.282(C) to merely require that the notice of appeal be filed within 30 days to vest the common pleas court with subject-matter jurisdiction over the appeal, it would render R.C. 4141.282(D) meaningless. Taken to its logical extreme, a party could write "Notice of Appeal" at the top of a blank page, file it, and the common pleas court would have subject-matter jurisdiction over the appeal. Such a filing would in effect negate R.C. 4141.282(D), and would not comply with Supreme Court case law requiring a party taking an administrative appeal to strictly comply with the requirements in the statute providing for such an appeal.

*Id.*[2]

---

[2] The Ohio Supreme Court has held that all of the statutory requirements must be followed to confer jurisdiction over the appeal. *In re Claim of King*, 62 Ohio St.2d 87, 88, 403 N.E.2d 200 (1980).

{¶ 14} In the instant case, although Mattice named the ODJFS and the Commission as interested parties, she failed to name her ex-employer, Jozabe, as an interested party. Generally, when reviewing a trial court's judgment in an administrative appeal, an appellate court is "limited to determining whether the trial court abused its discretion in reviewing the administrative order." *Dayspring of Miami Valley v. Shepherd*, 2d Dist. Clark No. 06-CA-113, 2007-Ohio-2589, ¶ 30. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* The interpretation of a statute, however, is a question of law. *Id.*, citing *Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 639 N.E.2d 425 (1994). Therefore, an appellate court need not give deference to a lower court's interpretation, but instead, applies a de novo standard of review. *Dayspring*, 2007-Ohio-2589, ¶ 30. Accordingly, the issue before this Court is whether a timely, but defective notice of appeal, divests a trial court of subject-matter jurisdiction over the appeal. *Dikong*, 2013-Ohio-33, ¶ 19. Based on the reasoning in *Dikong* and our own independent review, we hold that it does.

{¶ 15} As the court found in *Dikong*, dismissing Mattice's appeal for lack of subject-matter jurisdiction does not lead to an unjust or unreasonable result. R.C. 1.47(C) provides that in enacting a statute, "it is presumed that *** a just and reasonable result is intended." With respect to R.C. 4141.282, "the General Assembly, recognizing that a large number of pro se claimants may appeal the denial of unemployment-compensation benefits, emphasized the importance of naming all interested parties," including the claimant's ex-employer, "by expressly requiring that the Commission place on its final decision language indicating that all interested parties must be named in the notice of appeal***." *Dikong*, 2013-Ohio-33, ¶ 25. The

final entry issued by the Commission in Mattice's case contained this statutory language.

{¶ 16} Upon review, we conclude that the trial court did not err by dismissing Mattice's notice of appeal for lack of subject-matter jurisdiction. R.C. 4141.282(D) expressly states that all interested parties must be named by the claimant on the notice of appeal. It is undisputed that Jozabe was an interested party in the unemployment compensation dispute, but Mattice failed to name her former employer in the notice of appeal from the Commission's denial of her benefits. Thus, pursuant to R.C. 4141.282(D), Mattice's notice of appeal was deficient. Therefore, the trial court never acquired subject-matter jurisdiction over her appeal, and it was properly dismissed.

{¶ 17} Mattice's sole assignment of error is overruled.

{¶ 18} Mattice's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Mandi Mattice
Alan Schwepe
Hon. Mary Katherine Huffman