[Cite as *In re Easterling*, 2019-Ohio-1516.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: DOUGLAS B. EASTERLING, JR. | : | APPEAL NO. C-180129 TRIAL NO. 2017004744 |
| | : | |
| | : | *O P I N I O N.* |

Appeal From:  Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed from is:  Affirmed

Date of Judgment Entry on Appeal:  April 24, 2019

*Rapheal Kulika Bey,* pro se, Petitioner-Appellant.

**ZAYAS, Judge.**

{¶1}   Petitioner-appellant Raphael Kulika Bey, formerly known as Douglas B. Easterling, Jr., appeals pro se from the probate court's entry denying his objection and adopting the magistrate's decision granting Kulika Bey's requested name change and denying his request to change his race and nationality. Since the probate court had agreed to change Kulika Bey's name from Douglas B. Easterling, Jr., he does not challenge that portion of the court's entry.

{¶2}   On November 3, 2017, Kulika Bey filed an application in the probate court seeking to change his "Name/Race/Nationality." In addition to requesting that his name be changed to "Raphael Kulika Bey," he also requested that the probate court change his race from "Black/African American" to "Moor/Aboriginal American national." The only evidentiary material attached to the application was a copy of Kulika Bey's certificate of live birth indicating that he had been born in Cincinnati in 1986, and that he had been named Douglas Brett Easterling, Jr., at birth. The certificate did not list his race or nationality.[1]

{¶3}   Kulika Bey complied with the notice provisions of R.C. 2717.01, entitled "Proceedings to change name of person," and the magistrate held a hearing on the application. The magistrate found by clear and convincing evidence that the requested name change had not been made for fraudulent or criminal purposes, and granted the name change. The magistrate noted, however, that "I don't have the power to change [your race]."

---

[1] Although the certificate provided by Kulika Bey does not contain an explicit nationality-classification field, he is a citizen of the United States at birth pursuant to the United States Constitution and the Immigration and Nationality Act. *See* Fourteenth Amendment to the United States Constitution; *see also* 8 U.S.C. 1401.

**{¶4}** Kulika Bey filed an objection to the magistrate's decision that he lacked the authority to change his race and nationality. The probate court journalized an entry denying Kulika Bey's objection and adopting the magistrate's decision. In its entry the probate court noted that "[n]othing in [R.C. 2101.24] authorizes the probate court to change a person's race or nationality." Kulika Bey filed this timely appeal.

**{¶5}** In a single assignment of error, Kulika Bey asserts that the probate court erred in overruling his objection and in refusing to grant his requested "race/nationality" change. He challenges the court's determination that nothing in R.C. 2101.24 authorized the probate court to change Kulika Bey's race or nationality. He essentially challenges the probate court's refusal to grant his requested relief on grounds that it lacked authority to act. His challenge presents a question of law which we review de novo. *See Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 985 N.E.2d 949, ¶ 9 (1st Dist.); *see also In re T.J.B.*, 1st Dist. Hamilton No. C-130725, 2014-Ohio-2028, ¶ 7.

**{¶6}** On appeal, Kulika Bey contends that the four following documents confer authority on the probate court to grant his request: (1) the Covenant To Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Sections 301 and 302, Pub.L.No. 94-241, now codified at 48 U.S.C. 1801 et seq.; (2) Pennsylvania General Assembly Resolution 75, dated April 17, 1933; (3) Article I, Section 7, Ohio Constitution, the constitution's free-exercise of religion provision; and (4) the United Nations Declaration on the Rights of Indigenous Peoples. None of these documents grant jurisdiction to the probate court. *See* Section 302, Pub.L.No. 94-241, 48 U.S.C. 1801 (by its express language, the section only applies to persons born in the Northern Mariana Islands or who were citizens of the Trust Territory of the Pacific Islands); *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891) (the power to define the jurisdiction of the probate court rests with the Ohio General Assembly and the

Ohio Constitution); *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) (explaining that United Nations declarations are simply statements of principles and not a treaty or international agreement that would impose legal obligations or create federal causes of action).

{¶7} In Ohio, probate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by the Ohio Constitution and by statutes enacted pursuant to the constitution. *See In re Guardianship of Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, 933 N.E.2d 1067, ¶ 46; *see also In re Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, ¶ 11. Article IV, Section 8, Ohio Constitution provides the probate court jurisdiction over a number of matters. While the constitution makes no mention of race or nationality changes, it provides:

> The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians * * * and such other jurisdiction, in any county or counties, as may be provided by law.

{¶8} The General Assembly has provided the probate court exclusive jurisdiction over a number of matters related generally to estate administration in R.C. 2101.24(A)(1). The matter placed before the court by Kulika Bey, the changing of one's race or nationality, is not one of the listed matters.

{¶9} R.C. 2101.24(A)(2) also provides that the probate court shall have exclusive jurisdiction over a "subject matter" if another section of the Revised Code expressly confers jurisdiction upon the probate court. One such section is R.C. 2717.01(A)(1) which provides that, "[a] person desiring a change of name may file an application in the probate

court of the county in which he resides." But nowhere in that provision is the probate court given jurisdiction to change an applicant's race or nationality.

{¶10} R.C. 3705.15 governing the registration of unrecorded births and the correction of birth records, is another such grant of exclusive jurisdiction under R.C. 2101.24(A)(2). R.C. 3705.15 provides that any person, born in Ohio, "whose registration of birth * * * has not been properly and accurately recorded," may file an application with the probate court to correct that birth record. Under R.C. 3705.15(A), "[a]n application to correct a birth record shall set forth all of the available facts required on a birth record" that is sought to be corrected.

{¶11} Here, the birth record that Kulika Bey provided to the probate court, his certificate of live birth in 1986, does not contain any race or nationality classification. In effect Kulika Bey was asking the probate court to amend his birth certificate to add classifications, rather than to correct "required facts." Therefore, the probate court had no authority under R.C. 2101.24(A)(2) and 3705.15 to add additional facts to the birth record provided and grant Kulika Bey's request.

{¶12} As Kulika Bey has failed to establish that the probate court has the authority to change his race and nationality, the assignment of error is overruled. The probate court's judgment is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.