THE STATE, EX REL. BOARD OF TRUSTEES OF POLICE AND FIREMEN'S
PENSION FUND ET AL., *v.* BOARD OF TRUSTEES OF POLICE RELIEF,
AND PENSION FUND OF MARTINS FERRY ET AL.

[Cite as State, ex rel. Bd. of Trustees of Pension Fund, v. Bd.
of Trustees of Relief Fund, 12 Ohio St. 2d 105.]

(No. 40721—Decided December 27, 1967.)

*Mr. William B. Saxbe,* attorney general, *Mr. Charles S.
Lopeman, Mr. Gerald A. Donahue, Messrs. George, Greek, King
& McMahon* and *Mr. William C. Moul,* for relators.

*Mr. Albert C. Joseph, Mr. William E. Knepper* and *Mr.
Hugh A. Sherer,* for respondents.

HERBERT, J. This is an original action in mandamus com-
menced by the relator, Board of Trustees of the Police and
Firemen's Pension Fund of the State of Ohio, seeking the al-
lowance of a writ of mandamus to issue out of this court com-
manding the respondent Board of Trustees of the Police Relief
and Pension Fund of Martins Ferry to transfer to relator board
"all assets of the Police Relief and Pension Fund of the Muni-
cipal Corporation of Martins Ferry, Ohio" as provided by Sec-
tion 742.01 *et seq.* of the Revised Code.

The cause is presently before the court upon a motion for
judgment on the pleadings filed by the respondents and a de-

murrer to the answers of the respondents filed by the relator board.

Chapter 742 of the Revised Code creates a state-controlled disability and pension fund for the benefit of the police and firemen, their widows, children and parents. It is quite similar to other established disability and pension funds. It appears that the General Assembly used the present Public Employee's Retirement Act as a model for the instant legislation. Briefly, the legislation before us provides for the centralized state administration of local contributions to the state fund.

Although the respondents contend that several sections of the act disclose constitutional infirmities, the main attack is upon the provisions of Section 742.26 of the Revised Code, which reads:

"On January 1, 1967, the assets and liabilities of each police relief and pension fund, established under Section 741.32 of the Revised Code, and of each firemen's relief and pension fund, established under Section 521.02 or 741.02 of the Revised Code, shall be transferred to the police and firemen's disability and pension fund [relator]. The value of the assets shall consist of cash, plus any accrued interest on investments, the par value or unpaid balance of all unmatured or unpaid investments requiring the payment of a fixed amount at payment date, and the cost price of all other investments. The decision of the board in determining the value of such assets shall be final."

Respondents contend that the act is violative of the provisions of Section 3 of Article XVIII of the Ohio Constitution, Section 2 of Article XII of the Ohio Constitution, Section 28 of Article II of the Ohio Constitution, and Section 4 of Article II of the Ohio Constitution.

It is of no useful purpose to enter into a long discussion of the able arguments presented in the briefs of counsel. It is our opinion that the provisions of Section 34, Article II of the Ohio Constitution, are dispositive of the issues presented in this cause. It reads as follows:

"*Laws may be passed* fixing and regulating the hours of labor, establishing a minimum wage, and *providing for the com-*

*fort, health, safety and general welfare of all employees; and no other provision of the Constitution shall impair or limit this power."* (Emphasis added.)

There can be no question that the adopters, the people, intended this section of the Constitution to apply both to local government and state employees. The cities and towns and other political subdivisions of the state of Ohio constitute en masse one of the largest of the employers in the state. It is our conclusion that the firemen and police of the various localities of Ohio are employees within the scope of this provision. It appears in clear, certain and unambiguous language that no other provision of the Constitution may impair the intent, purpose and provisions of the above section of Article II.

Without further discussion we hold that Section 34 of Article II of the Constitution of Ohio is dispositive of the issues presented in this cause. It follows, therefore, that the respondents' motion for judgment on the pleadings must be, and is hereby, overruled, and that relator's demurrer to respondents' answer must be sustained. Respondents not desiring to plead further, judgment is entered for relators. The writ in mandamus is allowed.

*Writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and BROWN, JJ., concur.