Pfeifer, J.
{¶ 1} R.C. 9.481(B)(1) states that “no political subdivision shall require any of its employees, as a condition of employment, to reside in any specific area of the state.” The issue in this case is whether R.C. 9.481 was enacted pursuant to the authority granted to the General Assembly by Section 34, Article II of the Ohio Constitution. If it was so enacted, its provisions override any conflicting law of a political subdivision, including residency requirements imposed by municipalities pursuant to the Home Rule Amendment, Section 3, Article XVIII of the Ohio Constitution. We hold that R.C. 9.481 was enacted pursuant to the authority granted by Section 34 and that the local laws before us in this case therefore cannot stand.
*156 I. City of Lima, case No. 2008-0128
{¶ 2} Lima City Charter Section 72 allows the Lima City Council to establish a residency requirement for city employees. Pursuant to this authority, the Lima City Council passed Ordinance 201-00, requiring all employees appointed by the mayor to reside within the city limits. When R.C. 9.481 was enacted, the city of Lima brought a civil action against the state seeking a declaration that the statute is unconstitutional, contending that it falls outside Section 34, Article II, because R.C. 9.481 does not involve all employees. Lima further asserted that R.C. 9.481 violates the city’s powers of self-government under Sections 3 and 7, Article XVIII of the Ohio Constitution.
{¶ 3} The trial court granted summary judgment for the state, ruling that R.C. 9.481 is constitutional because it was enacted pursuant to the broad authority granted to the legislature under Section 34, Article II. Therefore, R.C. 9.481 prevails over the city of Lima’s residency requirements. The court of appeals reversed, holding that R.C. 9.481 is not “economic legislation” and does not concern employees’ working environment, and therefore it could not have been enacted pursuant to Section 34, Article II. Lima v. State, 177 Ohio App.3d 744, 2007-Ohio-6419, 896 N.E.2d 149, ¶ 61. Thus, the statute cannot prevail over the home-rule provisions of the Constitution. Because R.C. 9.481 interferes with local self-government and because it is not a “general law,” it violates Section 3, Article XVIII of the Ohio Constitution, which authorizes political subdivisions to “exercise all powers of local self-government.”
II. City of Akron, case No. 2008-0418
{¶ 4} Sections 105a and 106(5b) of the Charter of the City of Akron require that classified and unclassified civil servants of Akron reside within Akron for the duration of their employment. On May 1, 2006, the city of Akron filed a complaint seeking a declaration that R.C. 9.481’s prohibition against residency requirements is unconstitutional facially and as applied. The complaint contends that R.C. 9.481 could not have been enacted under Section 34, Article II of the Ohio Constitution, because it does not provide for the comfort, health, safety, and welfare of employees. The complaint further alleged that R.C. 9.481 unconstitutionally interferes with the powers of local self-government granted by Section 3, Article XVIII of the Ohio Constitution.
{¶ 5} On May 2, 2006, the Akron firefighter and police unions filed a complaint against the city of Akron and Mayor Donald L. Plusquellic seeking a declaration that R.C. 9.481 prevails over the city’s residency requirements. The trial court consolidated the cases and granted summary judgment for the state and the unions.
*157 {¶ 6} The trial court determined that R.C. 9.481 was enacted for the “general welfare” of employees and therefore comes within the purview of Section 34, Article II of the Ohio Constitution. Because Section 34 provides that “no other provision of the constitution shall impair or limit” the General Assembly’s power to enact legislation pursuant to the authority granted by that section, the Home Rule Amendment has no application, and the charter provision must fall.
{¶ 7} The city of Akron appealed, and the court of appeals reversed, holding that the legislature’s broad authority under Section 34 to pass laws for the “general welfare” of employees does not include the authority to enact R.C. 9.481. The court reasoned that R.C. 9.481, unlike other legislation upheld under Section 34, “does not address any significant social issues impacting the public at large; it is not part of a comprehensive legislative scheme, but deals with a single issue; and it applies to a relatively small segment of the population (those who are employed by political subdivisions, are subject to residency requirements, and would choose to live elsewhere if allowed to do so).” State v. Akron, Summit App. No. 23660, 2008-Ohio-38, 2008 WL 81506, at ¶ 24. The court further ruled that R.C. 9.481 is not a “general law.” Id. at ¶ 32-33. Thus, the Akron provisions are not prohibited by the Home Rule Amendment’s ban on local laws that conflict with “general laws.” See Section 3, Article XVIII, Ohio Constitution (municipalities shall have power to pass such local laws “as are not in conflict with general laws”).
{¶ 8} The causes are before this court pursuant to the allowance of discretionary appeals.
III. Analysis
{¶ 9} It is abundantly clear that Sections 105a and 106(5b) of the Charter of the City of Akron and Lima City Ordinance 201-00 conflict with R.C. 9.481. Given this conflict, the issues before us are straightforward: was R.C. 9.481 enacted pursuant to Section 34, Article II of the Ohio Constitution, and if so, does it prevail over ordinances enacted pursuant to Section 3, Article XVIII of the Ohio Constitution? We conclude that R.C. 9.481 was enacted pursuant to Section 34 and that it prevails over conflicting local laws, because no other provision of the Constitution can “limit or impair” laws enacted pursuant to Section 34.

A. Section 31, Article II

{¶ 10} Section 34, Article II of the Ohio Constitution states that the General Assembly may enact laws “providing for the comfort, health, safety and general welfare of all employes; and no other provision of the constitution shall impair or limit this power.”
{¶ 11} “This court has repeatedly interpreted Section 34, Article II as a broad grant of authority to the General Assembly, not as a limitation on its power to *158 enact legislation.” (Emphasis sic.) Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ. (1999), 87 Ohio St.3d 55, 61, 717 N.E.2d 286. See also Rocky River v. State Emp. Relations Bd. (1989), 43 Ohio St.3d 1, 13, 539 N.E.2d 103 (Section 34 is “a broad grant of authority to the legislature to provide for the welfare of all working persons”); Cent. Ohio Transit Auth. v. Transport Workers Union of Am., Local 208 (1988), 37 Ohio St.3d 56, 62, 524 N.E.2d 151.
{¶ 12} On at least three separate occasions, this court has upheld the constitutionality of statutes enacted pursuant to Section 34, Article II. In Rocky River, we relied on Section 34 in upholding the constitutionality of a statute that mandated binding arbitration between a city and its safety forces in the event of a collective-bargaining impasse, rejecting the city’s argument that the statute interfered with its home-rule powers. Id. at paragraph two of the syllabus. In State ex rel. Bd. of Trustees of Police & Firemen’s Pension Fund v. Bd. of Trustees of Police Relief & Pension Fund of Martins Ferry (1967), 12 Ohio St.2d 105, 106, 41 O.O.2d 410, 233 N.E.2d 135, we upheld as constitutional a statute that required local police pension funds to surrender their assets to a newly created state-controlled disability and pension fund for police officers and fire fighters, again rejecting objections based on home rule in favor of a broad reading of Section 34. Although the case did not involve a home-rule issue, Am. Assn. of Univ. Professors upheld as constitutional under Section 34’s “broad grant of authority” a statute that increased teaching-hour requirements for faculty at state universities. 87 Ohio St.3d at 62, 717 N.E.2d 286.
{¶ 13} As we noted at the outset, R.C. 9.481 states that “no political subdivision shall require any of its employees, as a condition of employment, to reside in any specific area of the state.” Considering the statutes declared constitutional in Rocky River, Am. Assn. of Univ. Professors, and Pension Fund, we conclude that R.C. 9.481 provides for the comfort and general welfare of employees. By allowing city employees mox'e freedom of choice of residency, R.C. 9.481 provides for the employees’ comfort and general welfai-e. Requiring employees to live in a specific city, as Sections 105a and 106(5b) of the Charter of the City of Akron and Lima City Ordinance 201-00 do, conflicts with the prohibition in R.C. 9.481 against such residency restrictions. The General Assembly expi’essly declared in enacting the statute that “it is a matter of statewide concern to generally allow the employees of Ohio’s political subdivisions to choose whex-e to live, and that it is necessary to generally prohibit political subdivisions from requixing their employees, as a condition of employment, to reside in any specific area of the state in order to provide for the comfort, health, safety, and general welfare of those public employees.” 2006 Sub.S.B. No. 82, Section 3. Although it does not affect our constitutional analysis, we note that the General Assembly included in R.C. 9.481 an exception that permits localities to x-equire certain employees to live *159 no farther away than adjacent counties to “ensure adequate response times * * * to emergencies or disasters.” R.C. 9.481(B)(2)(b).
{¶ 14} Here, as in Am. Assn. of Univ. Professors, the General Assembly believed that “the public interest necessitated legislative intervention. It enacted a law, therefore, to address and modify the existing concern.” 87 Ohio St.3d at 61, 717 N.E.2d 286. R.C. 9.481 provides for the comfort and general welfare of public employees by ensuring that they will be able to choose the municipality in which they reside. We hold that R.C. 9.481 was enacted pursuant to the authority granted in Section 34, Article II.

B. R.C. 9481 Prevails over Ordinances

{¶ 15} Section 34, Article II states that “no other provision of the constitution shall impair or limit” the General Assembly’s ability to enact laws pursuant to that section. We have stated that Section 34 “expressly states in ‘clear, certain and unambiguous language’ that no other provision of the Constitution may impair the legislature’s power under Section 34. [Pension Fund, 12 Ohio St.2d] at 107, 41 O.O.2d at 412, 233 N.E.2d at 137. This prohibition, of course, includes the ‘home rule’ provision contained in Section 3, Article XVIII. Id. at 106, 41 O.O.2d at 411, 233 N.E.2d at 137.” (Emphasis sic.) Rocky River, 43 Ohio St.3d at 13, 539 N.E.2d 103. Thus, even if we assume that Sections 105a and 106(5b) of the Charter of the City of Akron and Lima City Ordinance 201-00 were enacted pursuant to Section 3, Article XVIII, which authorizes municipalities “to exercise all powers of local self-government,” they cannot stand because they “impair or limit” the power of the General Assembly to enact R.C. 9.481 pursuant to Section 34. See Dayton v. State, 176 Ohio App.3d 469, 2008-Ohio-2589, 892 N.E.2d 506, ¶ 77 (Section 34 is a grant of plenary power not subject to limitations). But see Rocky River, 43 Ohio St.3d at 36-37, 539 N.E.2d 103 (Wright, J., dissenting) (expressing concern over the notion that no statute enacted pursuant to Section 34 may ever be held unconstitutional based on any other provision in the Ohio Constitution).
{¶ 16} Because we conclude that the General Assembly enacted R.C. 9.481 pursuant to Section 34, Article II of the Ohio Constitution, “the home-rule sections do not apply, [and] we make no further comment on the home-rule arguments of the parties.” Rocky River, 43 Ohio St.3d at 13, 539 N.E.2d 103. Our resolution of this case also makes it unnecessary for us to address the argument that Sections 105a and 106(5b) of the Charter of the City of Akron and Lima City Ordinance 201-00 would prevail if R.C. 9.481 had been enacted pursuant to a section of the Constitution other than Section 34 or the argument that R.C. 9.481 is not a “general law” addressing a matter of “statewide concern.” Because “no other provision of the constitution shall impair or limit” the power granted to the General Assembly pursuant to Section 34, Article II, R.C. 9.481 *160 prevails over Sections 105a and 106(5b) of the Charter of the City of Akron and Lima City Ordinance 201-00.
IV. Conclusion
{¶ 17} We conclude that R.C. 9.481 is constitutional and, therefore, that municipalities may not require their employees to reside in a particular municipality, other than as provided in R.C. 9.481(B)(2)(b).
Judgments reversed.
Lundberg Stratton, O’Connor, O’Donnell, and Cupp, JJ., concur.
Moyer, C.J., and Lanzinger, J., dissent.