[Cite as *State v. Elliot*, 2023-Ohio-1459.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220339 |
| | | TRIAL NO. B-2105828 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| JAMES ELLIOTT, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 3, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant James Elliott appeals from the trial court's judgment revoking his community control and imposing a sentence of 18 months' imprisonment.

{¶2} Elliott argues on appeal that the trial court erred in finding him guilty of a community-control violation where there was not sufficient evidence to find that he violated the terms and conditions of his community control. He additionally challenges the sentence imposed for the violation, arguing that the trial court erred by imposing an 18-month prison sentence for a technical violation on a felony of the fourth degree, and that the court failed to strictly comply with the statutory notification requirements in R.C. 2929.19(B)(4) when imposing sentence. Finding Elliott's arguments to be without merit, we affirm the trial court's judgment.

*Factual and Procedural Background*

{¶3} In February of 2022, Elliott pled guilty to burglary, a fourth-degree felony in violation of R.C. 2911.12(B). The trial court sentenced Elliott to a three-year period of community control. At the sentencing hearing, the trial court made the following statements concerning the imposition of community control:

I'm going to place you on community control, but you are going to go in and you're going to stay in the Justice Center and complete the Men's Extended Treatment Program.

Once you are released from the Men's Extended Treatment Program, only if you successfully complete it—if you don't, I'm just going to send you to prison if you come back here on a violation because you haven't

done what you're supposed to do in the program—once you're released on probation, I'm going to recommend MDO probation for you.

And I want probation to refer you to the halfway house at the Talbert House program so they can get you into transitional housing.

So you're going from the jail and you're going to go into supervised housing from the jail on to MDO probation.

I want you to follow through with any recommended mental health treatment and/or drug treatment once you're released from the Justice Center, and you'll be subject to random drug and alcohol screens once you're released as well.

I'm going to order restitution, I believe in the amount of $225.

* * *

You are to stay away from the Hubers and their property. You're not to have any contact with them, and you're not to go near their home ever again.

* * *

Like I said, this is a felony of the fourth degree. It carries anywhere between nine—I'm sorry—six and 18 months at the Ohio Department of Corrections.

So if you come back on any violation, especially one where you're not fully participating in the programming that's been recommended for you, you're just going to go do the time at the Ohio Department of Corrections.

3

{¶4}    The sentencing entry reflected the information that the trial court informed Elliott of at the sentencing hearing, including the advisement that if he violated the terms or conditions of his community control, he would be sentenced to a period of six to 18 months in prison.

{¶5}    In April of 2022, a community-control-sanction violation was filed against Elliott.  The violation alleged that he failed to comply with the court-ordered Men's Extended Treatment Program.  Elliott pled no contest to the community-control violation, and the trial court found him guilty.  The court's sentencing entry stated that Elliott was restored to community control under the same conditions that had previously been imposed.  It additionally stated that Elliott would be sentenced to a period of six to 18 months in prison if he again violated the terms and conditions of his community control.

{¶6}    In June of 2022, another community-control-sanction violation was filed against Elliott, alleging that he failed to report to probation for his initial interview after being released from the Justice Center, failed to pay restitution, and failed to comply with court-ordered treatment.  At a hearing on the violation, Elliott pled guilty.  The trial court sentenced him to 18 months' imprisonment.

### Guilty Plea Precludes Challenge

{¶7}    In his first assignment of error, Elliott argues that the trial court erred in finding him guilty of a community-control violation because the record did not contain substantial evidence to support that finding.  Because a community-control-revocation hearing is not a criminal trial, the state must present substantial evidence of the violation, rather than prove that the terms of community control were violated beyond a reasonable doubt.  *State v. Day*, 1st Dist. Hamilton No. C-210503, 2022-

4

Ohio-1954, ¶ 10. We review a trial court's decision to revoke community control for an abuse of discretion. *Id.*

**{¶8}** As set forth above, Elliott pled guilty to the community-control violation. As such, he cannot now argue that there was not a sufficient basis in the record to find him guilty of the violation. "A defendant may elect to forgo a hearing on the merits of the alleged community control violations and admit to the violations." *State v. McCoy*, 2d Dist. Champaign No. 2020-CA-13, 2021-Ohio-456, ¶ 35, quoting *State v. Norman*, 2d Dist. Clark Nos. 2017-CA-40 and 2017-CA-41, 2018-Ohio-993, ¶ 16-20. As this court has held, "if the defendant opts to enter a guilty or a no-contest plea to the community-control violation, the need for an evidentiary hearing is obviated." *State v. Alexander*, 1st Dist. Hamilton No. C-070021, 2007-Ohio-5457, ¶ 3. Having pled guilty to the violation as alleged, Elliott eliminated the need for the state to present evidence of the violation, and he cannot now challenge the sufficiency of the evidence supporting it.

**{¶9}** We accordingly hold that the trial court did not err in finding Elliott guilty of a community-control violation, and we overrule the first assignment of error.

### *Technical v. Nontechnical Violations*

**{¶10}** In his second assignment of error, Elliott argues that the trial court erred by imposing an 18-month prison sentence as a community-control-violation sanction on a felony of the fourth degree.

**{¶11}** Pursuant to R.C. 2953.08(G)(2)(a), we may modify or vacate a defendant's sentence only if we clearly and convincingly find that the record does not support the trial court's findings under relevant statutes (specifically division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I)

5

of section 2929.20 of the Revised Code) or that the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 5 (1st Dist.).

{¶12} Elliott contends that because his community-control violation was a technical violation, and because the offense that he was convicted of was a felony of the fourth degree, the trial court was not permitted to impose a maximum sentence. He relies on R.C. 2929.15(B)(1)(c)(ii), which provides:

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, the prison term shall not exceed one hundred eighty days, provided that if the remaining period of the community control at the time of the violation or the remaining period of the reserved prison sentence at that time is less than one hundred eighty days, the prison term shall not exceed the length of the remaining period of community control or the remaining period of the reserved prison sentence.

{¶13} The validity of Elliott's argument hinges on whether the community-control violation to which he pled guilty is properly classified as a technical or non-technical violation. In *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, the court discussed the distinction between these two types of violations. It explained that a determination as to whether a violation is technical or nontechnical does not depend on whether the conduct underlying the violation is criminal. *Id.* at ¶ 26. At the time that *Nelson* was decided, R.C. 2929.15 did not define the term "technical violation." *Id.* at ¶ 18. In the absence of a statutory definition, the court

6

explained that a violation would be considered technical when "the condition violated is akin to 'an administrative requirement facilitating community control supervision.' " *Id*. at ¶ 26, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18. In contrast, a nontechnical violation is one that "concerns a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id.*, quoting *Davis* at ¶ 17-18.

{¶14} As noted by the Third District in *State v. Crose*, 3d Dist. Crawford No. 3-22-34, 2023-Ohio-880, ¶ 12, the General Assembly has since amended R.C. 2929.15 to define the term "technical violation." Pursuant to R.C. 2929.15(E), a technical violation:

> [M]eans a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.
>
> (2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

{¶15} Here, Elliott was found guilty of violating his community control for failing to comply with court-ordered treatment (the Men's Extended Treatment Program), failing to pay restitution, and failing to report to his probation officer after being released from the Justice Center.

{¶16} Both the failure to pay restitution and to comply with court-ordered treatment were nontechnical violations. Each requirement was tailored to address Elliott's misconduct. The restitution was imposed to compensate the victims of Elliott's burglary offense for the harm he caused to their property. And the requirement that Elliott complete the Men's Extended Treatment Program was imposed to address the trial court's concerns about Elliott's mental-health and drug addiction.[1] *See State v. Castner*, 163 Ohio St.3d 19, 2020-Ohio-4950, 167 N.E.3d 939, ¶ 16 (failure to complete a drug-treatment program was a nontechnical violation); *State v. Yauger*, 8th Dist. Cuyahoga No. 111734, 2023-Ohio-815, ¶ 31 (failure to pay restitution was a nontechnical violation because it was tailored to address concerns for families who suffered from the defendant's conduct and because the requiring of restitution is rehabilitative).

{¶17} Elliott's failure to report to his probation officer, on the other hand, was a technical violation. He was required to do so to "facilitate[] community control supervision." *See Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, at ¶

---

[1] Elliott alleges that he was confused as to whether he was required to complete the Men's Extended Treatment Program in lieu of or in addition to serving 180 days in the Justice Center. He further alleges that his failure to complete the Men's Extended Treatment Program was not his fault, as he was not transferred to the program during his stay in the Justice Center. After reviewing the record, we are empathetic to Elliott's confusion, as the instructions from the trial court were less than clear as to whether Elliott was required to complete both 180 days in jail *and* the Men's Extended Treatment Program or if was only required to compete the program if it occurred during his 180-day jail stay. Nevertheless, because Elliott pleaded guilty to the failure to complete the Men's Extended Treatment Program despite his confusion, the trial court acted appropriately in sentencing him to this admitted violation.

26. And the failure to report to probation fits within the definition of a technical violation in R.C. 2929.15(E).

{¶18} Because the prison term imposed on Elliott was for both technical and nontechnical violations, the trial court was not limited to imposing the 180-day period for technical violations set forth in R.C. 2929.15(B)(1)(c)(ii). The second assignment of error is accordingly overruled.

### *R.C. 2929.19(B)(4)*

{¶19} In his third assignment of error, Elliott argues that the trial court erred by imposing a prison sentence without strictly complying with the statutory notification requirements in R.C. 2929.19(B)(4).

{¶20} R.C. 2929.19(B)(4) contains notifications that the trial court must give to an offender when sentencing the offender to a period of community control. It provides that:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range

9

of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

R.C. 2929.19(B)(4).

**{¶21}** At Elliott's initial sentencing hearing when the trial court first sentenced him to a period of community control, the trial court informed Elliott of the following:

Like I said, this is a felony of the fourth degree. It carries anywhere between nine—I'm sorry—six and 18 months at the Ohio Department of Corrections. So if you come back on any violation, especially one where you're not fully participating in the programming that's been recommended for you, you're just going to go do the time at the Ohio Department of Corrections. Do you understand?

**{¶22}** The trial court complied with the requirement in R.C. 2929.19(B)(4) that it inform Elliott of the range from which a prison term could be imposed for a violation of community control. But it failed to inform Elliott that, if he were to violate his community control, commit a violation of any law, or leave the state without permission from the court or his probation officer, the court could impose a longer time under the same community-control sanction, impose a more restrictive community-control sanction, or impose a prison term.

**{¶23}** Upon Elliott's first community-control violation, where upon the trial court continued him on the same community-control sanctions that were initially imposed, the court did not cure the defect regarding these notifications. It again only informed Elliott that he would "go to the Ohio Department of Corrections" for a future violation.

**{¶24}** As recognized by the Ohio Supreme Court, "[t]he notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs."[2] *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. The notification provided by the trial court complied with this recognized purpose. Nonetheless, the trial court indisputably failed to comply with the remaining notification requirements in R.C. 2929.15(B)(5).

**{¶25}** In *State v. Colburne*, 9th Dist. Summit No. 27553, 2015-Ohio-4348, the Ninth Appellate District considered a similar omission by the trial court when notifying the defendant about community control. The trial court in *Colburne* told the defendant about the prisons terms it would impose for a community-control violation, but "it did not otherwise inform Mr. Colburne of the statutorily required notifications under R.C. 2929.19(B)(4). The trial court did not notify Mr. Colburne that violating the conditions of community control, violating another law, or leaving the state without permission could result in additional sanctions, including the prison terms outlined by the trial court." *Id.* at ¶ 29. The Ninth District held that the notifications provided were insufficient to comply with R.C. 2929.19(B)(4). *Id.* It recognized that all required notifications had been included in the sentencing entry, but held that was not sufficient to comply with the notification requirement because the notification had to take place at the sentencing hearing. *Id.* Because Colburne had not yet violated community control, the court determined that a remand for resentencing was an appropriate remedy. *Id.*

---

[2] Former R.C. 2929.19(B)(5) has been renumbered and is the equivalent of current R.C. 2929.19(B)(4).

**{¶26}** The Sixth District considered the impact of the same omission by the trial court in *State v. Jones*, 6th Dist. Lucas No. L-03-1321, 2005-Ohio-5736. In *Jones*, the trial court notified the offender of the specific prison term that would be imposed if community control were violated, but it failed to notify him that the prison term could also be imposed if he committed a violation of any law or left the state without permission of his probation officer. *Id.* at ¶ 14. The appellate court held that the trial court failed to comply with R.C. 2929.19(B)(5), and it remanded for the trial court to provide the required notifications. *Id.* at ¶ 14-15.

**{¶27}** In *State v. Robinson*, 2d Dist. Champaign No. 2004 CA 21, 2005-Ohio-3879, the court reached a different outcome when considering a similar omission by the trial court. In *Robinson*, the trial court informed the defendant of the possibility of the imposition of a prison term if he were to violate community control, and it provided the length of the prison term. But it "did not expressly inform Robinson of the provisions relating to more lengthy or restrictive community control sanctions at the sentencing hearing." *Id.* at ¶ 8. The Second District held that although the trial court failed to comply with R.C. 2929.19(B)(5), Robinson had suffered no prejudice because:

> The trial court informed Robinson about the most significant consequence of a community control violation: the possibility of imprisonment and its term. It is very unlikely that information about less serious consequences would have had an impact on Robinson's behavior if the threat of prison did not persuade him to comply with the terms of community control.

More importantly, when Robinson was found to have committed his first community control violation in September 2003, the court imposed a more restrictive term of community control -- one of the options about which he had not been informed at the sentencing hearing. If he was prejudiced at all, it was by the imposition of this sanction about which he had not been previously informed. However, Robinson did not object to or appeal from that judgment.

*Id.* at ¶ 10-11. The court held that Robinson waived any error related to the trial court's failure to comply with R.C. 2929.19(B)(5), stating that:

In our view, it would be illogical to permit Robinson to challenge, at this juncture, the trial court's failure to inform him in 2002 that he might face more restrictive or more lengthy community control sanctions for a violation. When he was sentenced to more restrictive sanctions in 2003, he did not object to the imposition of that sanction in the trial court or on appeal. That would have been the time to raise the alleged error. We will not vacate his sentence now, when the court has imposed a prison sentence, the possibility of which he had been fully informed. Thus, Robinson has waived the alleged error related to R.C. 2929.19(B)(5).

*Id.* at ¶ 12.

**{¶28}** The case at bar is more analogous to *Robinson* than to *Colburne* or *Jones*. In the latter two cases, the appellants appealed from the initial imposition of community control, before any violation had occurred, whereas Elliott and Robinson appealed from the sentence imposed following a community-control violation. Like

13

the offender in *Robinson*, Elliott failed to appeal when the trial court continued him on community control after his violation. If Elliott were to have suffered any prejudice, it would have been at that point, when the trial court imposed a continuation of community control, a sanction of which he had not been previously informed.

**{¶29}** The trial court imposed a sentence from the sentencing range it informed Elliott he faced if he were to commit a community-control violation. We hold that Elliott suffered no prejudice from the trial court's failure to provide the additional notifications in R.C. 2929.15(B)(4).

**{¶30}** Elliott's third assignment of error is overruled, and the judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.