[Cite as *State v. Evans*, 2023-Ohio-2854.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220562 |
| | | TRIAL NO. B-1901785 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| SHIRLEY EVANS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 16, 2023

*Melissa A. Powers,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christopher Bazely*, for Defendant-Appellant.

**ZAYAS, Judge.**

**{¶1}** Shirley Evans appeals from her conviction for child endangerment following a guilty plea. Evans argues that the indictment was defective, rendering her plea involuntary and her sentence void. She further argues that the trial court failed to advise her of the potential penalties for a community-control violation. For the following reasons, we affirm the trial court's judgment in part, reverse the judgment in part, and remand the cause to the trial court.

### Factual Background

**{¶2}** Shirley Evans was indicted for felonious assault and three charges of child endangerment for striking a five-year-old foster child and causing serious physical harm. Evans proceeded to a jury trial, and after three witnesses had testified, she entered into a plea agreement with the state. Evans agreed to plead guilty to count three of the indictment charging her with child endangerment in violation of R.C. 2919.22(A), a felony of the third degree. In exchange, the other three counts were dismissed.

**{¶3}** The trial court accepted the guilty plea after engaging in a lengthy colloquy and ensuring that Evans understood the ramification of the plea and the rights she was waiving. The court found her guilty, sentenced her to three years of community control, and notified her that if she violated her community control, she would be sentenced to a prison term of 36 months. The court did not notify her that if she committed a violation of any law or left the state without permission, she would be in violation of her community control and subject to sanctions.

**{¶4}** Evans now appeals, contending that count three of the indictment was defective because it purported to charge a third-degree felony but actually charged a

misdemeanor of the first degree rendering her sentence voidable, her plea was not knowingly, intelligently, or voluntarily made due to the defective indictment, the defective indictment rendered the sentence void, and the trial court failed to advise her of the requirements and potential penalties for violating community control as required by R.C. 2929.19(B)(4).

### Count Three of the Indictment

{¶5} The first three assignments of error are based on the premise that the indictment was defective because it purported to charge a third-degree felony but actually charged a misdemeanor of the first degree and will be addressed together. Evans argues that her guilty plea was not knowingly, intelligently, or voluntarily entered, and the sentence is voidable or void because she was charged with a first-degree misdemeanor, but convicted of and sentenced for a third-degree felony.

{¶6} Count three of the indictment stated that Shirley Evans, being the parent, guardian custodian, or person in loco parents of D.A., a child under 18 years of age, recklessly created a substantial risk of harm to the child by violating a duty of care, and the violation resulted in serious physical harm to D.A., in violation of R.C. 2919.22(A), a felony of the third degree.

{¶7} R.C. 2919.22(E)(2) sets forth the penalties for a violation of division (A), and states in relevant part:

(2) If the offender violates division (A) or (B)(1) of this section, endangering children is one of the following, and, in the circumstances described in division (E)(2)(e) of this section, that division applies:

(a) Except as otherwise provided in division (E)(2)(b), (c), or (d) of this section, a misdemeanor of the first degree;

* * *

(c) If the violation is a violation of division (A) of this section and results in serious physical harm to the child involved, a felony of the third degree;

{¶8} Here, the indictment charged Evans with a violation of division (A) and specified that the violation resulted in serious physical harm. Under R.C. 2919.22(E)(2)(c), the offense is a felony of the third degree. *See State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045, 926 N.E.2d 611, ¶ 2 ("Pursuant to the Ohio Revised Code, the only circumstance in which child endangering in violation of R.C. 2919.22(A) is a third-degree felony is when the victim suffers serious physical harm. R.C. 2919.22(E)(2)(c)."). Therefore, the indictment properly charged Evans with child endangering as a felony of the third degree. *See id.* at ¶ 23 (explaining that endangering children in violation of R.C. 2919.22(A) is a third-degree felony when it results in serious physical harm to the victim).

{¶9} Because the indictment properly charged Evans with a third-degree felony, her plea was knowingly, intelligently, and voluntarily entered and the sentence is not voidable or void.

{¶10} Accordingly, we overrule her first, second, and third assignments of error.

### Community Control Notifications

{¶11} In her fourth assignment of error, Evans contends that she is entitled to a new sentencing hearing because the trial court failed to advise her of all the requirements and potential penalties for violating community control as required by R.C. 2929.19(B)(4).

{¶12} R.C. 2929.19(B)(4) provides:

If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

{¶13} Here, the record reflects that the trial court informed Evans that if she violated her community control she would be sentenced to a prison term of 36 months. The court did not inform her that if she violated any laws or left the state without permission that she would be subject to additional sanctions, including a prison term.

{¶14} The state questions whether this issue is ripe for appeal since a community-control violation has not yet occurred. This court recently noted that the Ninth and Sixth Appellate Districts determined that resentencing was the proper remedy for the omission of the notifications required by R.C. 2929.19(B)(4) when the appellants appealed from the initial imposition of community control. *See State v.*

*Elliot*, 1st Dist. Hamilton No. C-220339, 2023-Ohio-1459, ¶ 24-25, citing *State v. Colburne*, 9th Dist. Summit No. 27553, 2015-Ohio-4348, and *State v. Jones*, 6th Dist. Lucas No. L-03-1321, 2005-Ohio-5736. In *Colburne*, "the trial court did not notify Mr. Colburne that violating the conditions of community control, violating another law, or leaving the state without permission could result in additional sanctions, including the prison terms outlined by the trial court." *Colburne* at ¶ 29. In *Jones*, the trial court failed to notify Jones that the prison term could be imposed if he committed a violation of any law or left the state without permission of his probation officer. *Jones* at ¶ 14. We agree that a remand to provide the notifications is the proper remedy.

{¶15} We sustain the fourth assignment of error.

## Conclusion

{¶16} Therefore, we vacate the sentence and remand the cause to provide the proper notifications consistent with this opinion. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**CROUSE, P.J.,** and **BERGERON, J.,** concur.

Please note:
The court has recorded its own entry this date.