[Cite as *State v. Whitney*, 2026-Ohio-1217.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :            APPEAL NO.    C-250349
                                              TRIAL NO.     B-2000712-G
    Plaintiff-Appellee,          :

  vs.                              :
                                                   *JUDGMENT ENTRY*
MIGUEL WHITNEY,                   :

    Defendant-Appellant.         :


    This cause was heard upon the appeal, the record, and the briefs.

    For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

    Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

    The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 4/3/2026 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *State v. Whitney*, 2026-Ohio-1217.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250349 |
| | | TRIAL NO. | B-2000712-G |
| Plaintiff-Appellee, | : | | |
| | | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| MIGUEL WHITNEY, | : | | |
| | | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 3, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**NESTOR, Judge.**

{¶1}    For violating community control, the trial court sentenced Whitney to 18 months in prison.  Whitney appeals the sentence, claiming that the trial court failed to provide notice of the consequences of a community control violation under R.C. 2929.19(B)(4).  Because we conclude that Whitney suffered no prejudice from the trial court's failure to comply with the notice requirements, we affirm the judgment of the trial court.

### I.  Factual and Procedural History

{¶2}    In 2021, Whitney pleaded guilty to one count of theft in violation of R.C. 2913.02, a fourth-degree felony.  The trial court sentenced Whitney to a three-year term of community control.  The trial court advised Whitney, "I will tell you that should you violate the conditions of Community Control, I will send you to prison for 18 months; do you understand?" to which Whitney responded in the affirmative.  Whitney did not appeal at this time.

{¶3}    Almost two years later, in July 2023, a community control violation was filed against Whitney.  The violation alleged that Whitney had violated community control by garnering new felony warrants in several counties,[1] failing to provide contact information to the probation department, failing to report to probation, and failing to make any restitution payments.

{¶4}    In June 2025, Whitney appeared before the trial court to address the violation.  The trial court revoked his community control and imposed the promised 18-month prison sentence.

{¶5}    This appeal followed.  Whitney challenges the trial court's judgment

---

[1] Butler County, Ohio, Clermont County, Ohio, and Dearborn County, Indiana.

3

sentencing him to prison.

## II. Analysis

{¶6}    Whitney presents one assignment of error for our review.  He argues that the trial court erred when it sentenced him to prison because in its initial community control imposition, the trial court failed to provide the warnings required by R.C. 2929.19(B)(4).  Specifically, he asserts that the trial court informed him of the prison term it would impose, but did not inform him that if he committed any violation of law, or left the state without permission, he could be sent to prison.

### A.  First Assignment of Error

{¶7}    Whether a trial court has complied with statutory requirements is a question of law that we review de novo.  *Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, ¶ 16 (1st Dist.), citing *Cincinnati v. State*, 2012-Ohio-3162, ¶ 9 (1st Dist.).

{¶8}    Under R.C. 2929.19(B)(4), when a court imposes a community control sanction, it must provide notice to the defendant.  *State v. Thompson*, 2023-Ohio-3722, ¶ 8 (1st Dist.).  The notice contains two essential elements.  *Id.*  First, the notice must explain the actions of the defendant that can trigger consequences.  *Id.*  These actions include "violating the conditions of community control, committing a violation of any law, or leaving the state without the permission of the court or a probation officer."  *Id.*  Second, the notice must inform the defendant of the potential consequences for these actions.  *Id.*  These consequences include "a longer term of community control, a more restrictive form of community control, or imprisonment."  *Id.*

{¶9}    If the trial court fails to provide the notifications required by R.C. 2929.19(B), and a defendant appeals from the initial imposition of community control, the proper remedy is resentencing.  *State v. Evans*, 2023-Ohio-2854, ¶ 14 (1st Dist.),

citing *State v. Elliott*, 2023-Ohio-1459, ¶ 24-25 (1st Dist.). However, when a defendant does not appeal from the initial imposition of community control, violates community control, and is subsequently sentenced to a prison term, courts must consider whether that defendant is prejudiced by the trial court's failure to provide the requisite notifications. *Elliott* at ¶ 29.

{¶10} In *Elliott*, the defendant, Elliott, pleaded guilty to burglary, a fourth-degree felony. *Id.* at ¶ 3. The trial court sentenced Elliott to a three-year period of community control. *Id.* The trial court informed Elliott that if he violated the terms or conditions of his community control, he would be sentenced to a period of anywhere between six to 18 months in prison. *Id.* at ¶ 3-4. However, the trial court failed to inform Elliot of the other two actions that can trigger consequences. *Id.* at ¶ 22.

{¶11} Two months later, Elliott pleaded no-contest to a community control violation. *Id.* at ¶ 5. The trial court restored him to community control under the same conditions that it had previously imposed. *Id.* The trial court did not cure the defect regarding notification. *Id.* at ¶ 23. Elliot did not appeal the continuation of community control. *Id.* at ¶ 28.

{¶12} Two months after the continuation, Elliott pleaded guilty to a second community control sanction violation, which resulted in the trial court sentencing him to 18 months' imprisonment. *Elliott*, 2023-Ohio-1459, at ¶ 6 (1st Dist.). This time, Elliott appealed. *Id.* at ¶ 1.

{¶13} This court held that Elliot suffered no prejudice from the trial court's failure to provide the additional notifications in R.C. 2929.19(B)(4). *Id.* at ¶ 29. If Elliott were to have suffered any prejudice, it would have been when the trial court continued him on community control, a sanction that Elliott had not been previously advised of. *Id.* at ¶ 28. But in Elliot's case, the trial court imposed the precise sanction

it had previously promised. *Id.* at ¶ 29. Because Elliott received a sentence that he had previously been informed of, he suffered no prejudice. *Id.*

{¶14} In the instant case, the facts are similar to those in *Elliott*. Though the trial court here did fail to provide some of the requisite statutory notifications, like Elliott, Whitney suffered no prejudice from this failure. At the initial imposition of community control, Whitney was informed that if he violated the conditions of the community control, he would be sentenced to 18 months in prison. Whitney did not appeal the initial community control sentence. When Whitney later violated the community control conditions, he was sentenced to the prison term of which he had been informed. Therefore, like Elliott, Whitney received the prison sentence promised by the trial court. Because the trial court imposed a sanction that it had informed Whitney of, Whitney suffered no prejudice.

{¶15} Therefore, Whitney's assignment of error is overruled.

### III. Conclusion

{¶16} Because we conclude that Whitney was not prejudiced by the trial court's error, we affirm the judgment of the trial court.

Judgment affirmed.

KINSLEY, P.J., and MOORE, J., concur.

6